On respondent United States National Bank's motion for reconsideration filed
February 3, reconsideration allowed, former opinion (83 Or App 162,
731 P2d 445 (1986)) adhered to April 8, 1987

WINDISHAR,
*Appellant,*

*v.*

WINDISHAR,
*Respondent.*

WINDISHAR,
*Appellant,*

*v.*

UNITED STATES NATIONAL BANK OF OREGON,
*Respondent.*

(A5197 & A6027; CA A37069 & A37070)
(Cases consolidated)

735 P2d 10

James N. Westwood and Miller, Nash, Wiener, Hager &
Carlsen, Portland, for motion.

Timothy B. O'Neill, Salem, contra.

Before Buttler, Presiding Judge, and Richardson and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Respondent United States National Bank moves for reconsideration of the portion of our opinion holding that "[p]etitioner is entitled to attorney fees [in the trial court], from the trustee rather than the trust, under ORS 128.155." 83 Or App at 167-68. The bank argues that, if any attorney fees are awarded, they should be assessed against the trust estate rather than the trustee individually, because (1) the relief petitioner obtained against the bank in the trial court and on appeal was modest in comparison with what she sought and reflects no culpability on the bank's part, and (2) the trial court awarded attorney fees against the trust estate rather than the trustee and did not abuse its discretion by so doing. Those arguments are predicated, *inter alia,* on the following understanding of the record, recited in the bank's motion:

> "After the trial in this proceeding, the trial court directed Bank to alter the trust investments to provide a higher yield (opinion of May 28, 1985 * * *; opinion of Aug. 1, 1985 * * *). As a result of that change that petitioner had achieved, the trial court exercised its statutory discretion under ORS 128.155 and allowed $4,000 in attorney fees to petitioner, payable from the trusts."

We allow reconsideration for the sole purpose of correcting the bank's understanding.[1] Although the two letters by the trial judge to which the bank refers can reasonably be interpreted as saying what the bank ascribes to them, the trial court's dispositional "order" accorded no such relief to petitioner. It states, as material:

> "IT IS HEREBY ORDERED AND ADJUDGED that the Petitioner, JoAnn Windishar's petition requesting an order for the removal of the United States National Bank of Oregon as trustee, the removal of its Assistant Vice-President of the Trust Department, Frank E. Staich, as trustee of the trusts hereunder, for an order requiring the review and approval of an accounting of all trust property, for an order appointing a successor trustee, for an order granting instructions on matters pertaining to the interpretation of both trusts and administration and distribution of the two trust estates, and for an

---

[1] The bank's counsel on the motion for reconsideration was not its counsel in the trial court or on appeal.

order requiring the U.S. National Bank to be assessed attorney fees and costs pursuant to ORS 128.155, is denied, each request being specifically denied."

We recognize that the trial court's communications in this case were confusing and internally contradictory. Nevertheless, a court's final judgment prevails over its correspondence with the parties, and that is especially appropriate when the judgment is unambiguous and the letters consist of precatory and conflicting language. The trial court afforded petitioner no relief, awarded no attorney fees and exercised no discretion over the award of attorney fees under ORS 128.155.[2]

Reconsideration allowed; former opinion adhered to.

---

[2] We do not imply agreement or disagreement with the bank's thesis that a trial judge's award of attorney fees against a trust rather than the trustee under ORS 128.155 is reviewable only for an abuse of discretion.